ROBY v. STATE.*

(Division A.   June 6, 1927.)

[113 So. 185.   No. 26614.]

CRIMINAL LAW. *Statements of state's counsel injecting into the trial racial issue held to require reversal.*

Statements of state's counsel in argument in homicide *held* to inject into the trial the racial issue and emphasize it, requiring reversal, the evidence being close.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 893, n. 32; p. 896, n. 85; p. 909, n. 51; 17CJ, p. 300, n. 41, 45.

APPEAL from circuit court of Attala county.

HON. JNO. F. ALLEN, Judge.

Mims Roby was convicted of manslaughter, and he appeals. Reversed and remanded for new trial.

*Jas. T. Crawley* and *D. H. Glass,* for appellant.

The argument of Attorney C. E. Morgan as set out in the bill of exceptions in the record as a comment on the race of the defendant and the refusal of the court to grant a mistrial and sustain the objections of the defendant constitute error.

When a negro is being tried for murder, he is entitled to the benefit of a fair and legal trial; and he certainly does not get it when counsel employed to assist in the prosecution of such a case calls the attention of the jury to the fact that it is a negro being tried for the murder of a white man. Nor is it fair when counsel representing the negro objects to an illegal argument and has to permit opposing counsel to advise the jury that he is not surprised at the other attorney's objecting, that he does not blame him, that if he were representing a negro for killing a white boy and such an argument was made, he would object too. Such argument as that is unwarranted. It is unfair. It is entirely uncalled for.

In *Story* v. *State,* 97 So. 806, a case recently decided in Mississippi, it was there held that remarks calling the attention of the jury to the facts in that case, as recited by the attorney for the state, were calculated to inflame and incite the minds of the jury against the defendant. For that reason the case was reversed. The remarks of counsel in this case are much more calculated to inflame and incite the minds of the jury than in the Story case.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

In support of his argument that remarks of counsel were so calculated to inflame the minds of the jury and prejudice the cause of the defendant as to entitle him to a reversal of the case, counsel cites *Story* v. *State,* 133 Miss. 476, 97 So. 806. It will be noted from a reading of that case that the remarks made by special prosecuting attorney were much stronger than the remarks in the case at bar. A careful reading of the opinion will emphasize the total dissimilarity between that case and the case at bar.

In *Charlie Shows* v. *State,* 103 Miss. 640, 60 So. 726, the district attorney in his argument said: "If you do not convict on this testimony, you might as well tear the roof off the court house and throw the law books away." The court held this did not constitute reversible error. See, also, *Hughey* v. *State,* 106 So. 361.

Argued orally by *Jas. T. Crawley* and *D. H. Glass,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for the state.

COOK, J., delivered the opinion of the court.

The appellant, Mims Roby, and his brother, Dodd Roby, were jointly indicted in the circuit court of Attala county on a charge of murder. A severance was granted, and the appellant was tried on the charge and was convicted of manslaughter, and was sentenced to serve a term of twenty years in the state penitentiary, and from this conviction and sentence this appeal was prosecuted.

The appellant is a negro, and he was indicted and tried for the murder of Reuben Earl Ellis, a white man, and he assigns as error certain language used by counsel representing the state, this language and the action of the court in reference thereto being set forth in a special bill of exceptions, as follows:

"During the argument thereof, Hon. C. E. Morgan, an attorney employed to assist in the prosecution, made use

147 Miss.—37.

of the following expression, to-wit, 'Gentlemen of the jury, a member of this defendant's race is ordinarily a peaceful man, but when he does have trouble with a member of the white race, he gets murder in his heart.' Whereupon, Counsel James T. Crawley, for the defendant, objected and asked the court to direct the jury not to consider the same, which objection the court sustained, and so instructed the jury, and the defendant further asked for a jury and verdict for a mistrial, which the court declined, and the defendant duly excepted. Whereupon Attorney C. E. Morgan then said, 'I don't blame him for objecting; if I were representing this defendant for killing this white boy, I'd object to such argument also.' Whereupon counsel again objected for defendant, and asked for a jury and verdict for a mistrial, which the court overruled, and the defendant duly excepted, and Attorney C. E. Morgan then proceeded as follows: 'All right, gentlemen; we won't consider that kind of argument any further, but I will argue this, and ask you to consider the fact that this defendant on this occasion used these words: "I'll kill you, you God damned white son of a bitch." ' "

While counsel must be allowed a wide latitude in the argument of causes, any language which tends to inject the race issue, or is calculated to engender race prejudice, is highly improper in all cases, and in a close case on the facts is prejudicial, and must result in a reversal, when properly presented on appeal. When counsel for the prosecution said to the jury, "Gentlemen of the jury, a member of this defendant's race is ordinarily a peaceful man, but when he does have trouble with a member of the white race, he gets murder in his heart," counsel for the appellant at once objected, and the court very properly sustained the objection, and instructed the jury to disregard this language. Conceding that the court thereby corrected the error of counsel and rendered it harmless, if this language stood alone, still counsel proceeded with the statement that; "I don't blame him for

objecting; if I were representing this defendant, for killing this white boy I would object to such argument also.'' To this further statement of counsel an objection was promptly interposed and was by the court overruled. This statement of counsel served to emphasize and reinject the former statement that had been excluded, and the objection thereto should have been sustained and the jury properly instructed in regard thereto. This was then followed by the further statement:

''All right, gentlemen, we won't consider that kind of argument any further, but will argue this, and ask you to consider the fact that this defendant, on this occasion, used these words:   'I'll kill you, you God damned white son of a bitch.' ''

This latter statement does not seem to have been objected to, and probably could not have been properly made the basis of an objection, for the reason that it was based upon testimony in the record. In the connection in which it was used, however, we think it served to emphasize and render more damaging the prior statements of counsel tending to inject into the trial the racial issue. Upon the whole evidence this case is a close one, and for the improper argument and statements of counsel, the judgment of the court below will be reversed and the cause remanded for a new trial.

<em>Reversed and remanded.</em>